UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SHIVE,

    Plaintiff,                                     Hon. Robert J. Jonker

v.                                               Case No. 1:13-CV-457

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 42 years of age on his alleged disability onset date. (Tr. 136). Plaintiff successfully completed high school and worked previously as a concrete finisher. (Tr. 18). Plaintiff applied for benefits on December 16, 2010, alleging that he had been disabled since May 12, 2006, due to a right knee injury, arthritis of the left hip, and a "spinal issue." (136-41, 156). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 63-135). On March 7, 2012, Plaintiff appeared before ALJ Thomas Walters, with testimony being offered by Plaintiff and a vocational expert. (Tr. 23-51). In a written decision dated April 12, 2012, the ALJ determined that Plaintiff was not disabled. (Tr. 11-19). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-6). Plaintiff subsequently initiated this pro se appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## RELEVANT MEDICAL EVIDENCE

On October 23, 2006, Plaintiff underwent arthroscopic surgery of his right knee to repair an ACL tear. (Tr. 353-55). Treatment notes dated June 8, 2010, indicate that Plaintiff was experiencing right knee pain without swelling. (Tr. 206). On June 13, 2010, Plaintiff participated in an MRI examination of his right knee the results of which revealed "no meniscal injury" and,

moreover, that his "ACL repair appears intact." (Tr. 212). X-rays of Plaintiff's right knee, taken the same day, revealed "no significant soft tissue or osseous abnormality." (Tr. 211). Plaintiff was subsequently referred to physical therapy. (Tr. 203). Treatment notes dated August 3, 2010, however, indicate that Plaintiff was discharged from physical therapy for "non-compliant behavior." (Tr. 208). Treatment notes dated November 5, 2010, indicate that Plaintiff was experiencing left hip pain. (Tr. 200). Plaintiff reported that his hip "hurts when walking but [is] worse when sleeping." (Tr. 200).

On March 28, 2011, Plaintiff participated in an initial assessment at Summit Pointe. (Tr. 234-44). Plaintiff reported that he was experiencing depression, anxiety, and "some type of phobia." (Tr. 234, 243). Plaintiff also reported that he drinks alcohol daily and uses crack cocaine "1-2 times a week." (Tr. 237). Plaintiff appeared anxious, but the results of a mental status examination were otherwise unremarkable. (Tr. 238-40). Plaintiff was diagnosed with: (1) major depressive disorder, recurrent, moderate; and (2) polysubstance dependence. (Tr. 241). Plaintiff's GAF score was rated as 48. (Tr. 242). Plaintiff was prescribed medication. (Tr. 234-44).

On April 11, 2011, Plaintiff participated in a consultive examination conducted by Licensed Psychologist, Amber Burnett, Ph.D. (Tr. 225-33). Plaintiff reported that he was unable to work "because of [his] back, knee and hip." (Tr. 225). Plaintiff also reported that he "ha[s] no income and feel[s] depressed all the time." (Tr. 225). Plaintiff reported using alcohol and crack cocaine within the past "couple weeks." (Tr. 226). Plaintiff reported that he is able to function well "except when [he goes] off on [his] binges." (Tr. 227). Plaintiff "presented with a depressed mood and congruent affect," but the results of a mental status examination were otherwise unremarkable. (Tr. 228-31). Plaintiff was diagnosed with: (1) major depressive disorder, recurrent, severe, without

4

psychotic features; (2) anxiety disorder; and (3) polysubstance dependence. (Tr. 232). Plaintiff's GAF score was rated as 50. (Tr. 232).

On July 11, 2011, Plaintiff reported "improvement in his overall mood and outlook since starting medication." (Tr. 258). Plaintiff also reported that he was not presently using alcohol or cocaine. (Tr. 258). Treatment notes dated August 1, 2011, indicate that Plaintiff continued to abstain from alcohol and cocaine. (Tr. 260). Treatment notes dated August 25, 2011, indicate that Plaintiff is "improving," but had resumed "drinking off and on." (Tr. 262).

On September 23, 2011, Plaintiff was examined by Dr. Bernard Harrison. (Tr. 367-68). Plaintiff reported that he injured his back the previous day when "he bent over to pick up laundry." (Tr. 367). Plaintiff reported that following this injury, it "took 5 minutes to stand back up again." (Tr. 367). A neurological examination revealed "no loss of sensation." (Tr. 367). An examination of Plaintiff's spine and pelvis revealed:

> bilateral lower paraspinal muscle tenderness, normal straight leg raise. Full range of motion. Normal rotation. Stable. Normal strength and tone.

(Tr. 367).

Plaintiff was diagnosed with "low back syndrome" and instructed to treat such with medication, warm compresses, and walking. (Tr. 367-68).

Treatment notes dated October 18, 2011, indicate that Plaintiff's mood disorder was "improving." (Tr. 389). It was further reported that Plaintiff was not presently using alcohol or cocaine. (Tr. 389). On November 1, 2011, Plaintiff reported that he was experiencing "improved mood and somewhat positive outlook" and, furthermore, was "maintaining sobriety." (Tr. 387).

5

Treatment notes dated December 15, 2011, indicate that Plaintiff's condition was "improving." (Tr. 385).

On December 29, 2011, Plaintiff was examined by Physician's Assistant Susan Godair. (Tr. 280-81). Plaintiff reported that he was experiencing left hip pain. (Tr. 280). Plaintiff exhibited "good range of motion of his hip" with no evidence of crepitus. (Tr. 281). X-rays of Plaintiff's left hip were "normal." (Tr. 281). Plaintiff was diagnosed with bursitis and given a cortisone injection. (Tr. 281).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from status post right knee surgical repair and arthritic changes to the left hip, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 13-16). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) he can lift and carry 10 pounds occasionally and less than 10 pounds frequently; (2) he can sit for six hours during an 8-hour workday; (3) he can stand for two hours during an 8-hour workday; (4) he requires an at-will sit/stand option; (5) he cannot work around moving machinery or at unprotected heights; and (6) he can occasionally bend, twist, turn, climb, crawl, squat, and kneel. (Tr. 16).

The ALJ determined that Plaintiff could not perform his past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a

significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned vocational expert Carrie Anderson.

The vocational expert testified that there existed approximately 117,800 jobs in the lower peninsula of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 47-48). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

In his single-page pro-se "brief," Plaintiff asserts a single issue, that he is entitled to relief due to "new medical problems." In support of this argument, Plaintiff has submitted copies of medical evidence that was not presented to the ALJ. This Court, however, is precluded from considering such material. *See Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). If Plaintiff can demonstrate,

8

however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148.

To establish good cause, Plaintiff must "demonstrate a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Courter v. Commissioner of Social Security*, 479 Fed. Appx. 713, 725 (6th Cir., May 7, 2012). Moreover, the "mere fact that evidence was not in existence at the time of the ALJ's decision" does not satisfy the good cause standard. The Sixth Circuit "takes a harder line on the good cause test with respect to timing and thus requires that the claimant give a valid reason for his failure to obtain evidence prior to the hearing." *Id.* To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988).

The evidence in question reveals the following.[2] Treatment notes dated October 15, 2013, indicate that Plaintiff was prescribed an inhaler to treat asthmatic bronchitis. (Dkt. #17 at ID#470-71). The other item of new evidence is a form report completed by Dr. Sajid Hussain on May 17, 2012, concerning Plaintiff's abilities to perform "work-related activities (mental)." (Dkt. #17 at ID#493-95). According to Dr. Hussain, Plaintiff experiences "marked" limitation in the following areas: (1) understand, remember, and carry out "complex instructions" and (2) make judgments on complex work-related decisions. (Dkt. #17 at ID#493). The doctor also noted,

---

[2] Many of the records Plaintiff submitted with his brief are merely copies of evidence that was presented to the ALJ and which are already contained in the administrative record. (Dkt. #17 at ID#472-92).

9

however, that Plaintiff experienced only "mild"[3] limitation in his ability to understand, remember, and carry out "simple instructions." (Dkt. #17 at ID#493). The doctor further observed that Plaintiff experienced only "moderate"[4] limitation in the following areas: (1) make judgments on simple work-related decisions and (2) interact appropriately with the public, supervisors, and co-workers. (Dkt. #17 at ID#493-94).

Plaintiff has failed to articulate good cause why the evidence in question was not presented to the ALJ. Moreover, even if Plaintiff could establish good cause, the result is the same as there does not exist a reasonable probability that the ALJ would have reached a different result if presented with this evidence. Simply stated, the ALJ's RFC determination is supported by substantial evidence and the new evidence submitted by Plaintiff is not inconsistent with Plaintiff's RFC or the ALJ's subsequent conclusion that there exists a significant number of jobs which Plaintiff can perform despite his impairments. Accordingly, the Court is precluded from considering this evidence and, furthermore, there exists no basis for remanding this matter for its further consideration.

Finally, in light of Plaintiff's pro se status, the Court has thoroughly reviewed the record to determine whether the ALJ's decision in this matter is in any way defective or deficient. This review has revealed nothing which calls into question the ALJ's decision making process, the legal standards he applied, or the substantiality of the evidence in support of his decision.

---

[3] The form in question defined "mild" as "there is a slight limitation in this area, but the individual can generally function well." (Dkt. #17 at ID#493).

[4] The form in question defined "moderate" as "there is more than a slight limitation in this area but the individual is still able to function satisfactorily." (Dkt. #17 at ID#493).

Accordingly, the Court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: April 1, 2014

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge